## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| JEFF CHENEY,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 12cv3087-MWB<br><br>No. C  10-3031-MWB<br>No. CR 07-3010-MWB<br><br>**ORDER REGARDING PETITIONER'S PRO SE "MOTION: DIRECT APPEAL FOR CORRECTION OF SENTENCE"** |

      This case pursuant to 28 U.S.C. § 2255 is before me on petitioner Jeff Cheney's October 15, 2012, "Motion: Direct Appeal For Correction Of Sentence" (Motion) (Civ. docket no. 33).  The Motion has been docketed as a "*pro se* motion to reconsider," but I now conclude that it is something else entirely.  As I read the Motion, the relief that Cheney seeks is not reconsideration, in any respect, of my August 11, 2011, disposition of his § 2255 Motion, *see* Memorandum Opinion And Order Regarding Petitioner's Section 2255 Motion (Civ. docket no. 16), nor does it seek reconsideration of my May 22, 2012, Order Regarding Petitioner's Pro Se Request To Entertain Rule 60(b)(6) Motion (Civ. docket no. 28).  Moreover, it is not a notice of appeal, as the Motion is a "direct appeal" only in the sense that it is a direct request that this court intervene on Cheney's behalf to compel the Bureau of Prisons (BOP) to give him credit for over a year-and-a-half served on a sentence on a state conviction in Webster County, Iowa, Case No. FECR326343, which he contends has not been done.

      At Cheney's sentencing hearing, I did direct that his sentence of 216 months on a federal charge should run concurrently with the sentence on a prior state conviction, and that direction was subsequently reflected in an Amended Judgment In Criminal Case

(Crim. docket no. 211), dated June 22, 2011. Cheney's contention that he has not received the credit for time served on his state conviction apparently relies on a response by the Warden of USMCFP Springfield to his Request For Administrative Remedy, dated November 4, 2011, indicating that the original Judgment in his federal criminal case was "silent" as to whether the federal sentence should run concurrently with the previously imposed state sentence. *See* Civ. docket no. 33 at 5 (Warden's Response) (second attachment).[1]

I conclude that what Cheney is attempting to assert in the present Motion is a claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. As I recently explained,

> *[T]he essential difference between § 2255 and 28 U.S.C. § 2241, which still expressly refers to the power of the federal courts to grant "writs of habeas corpus," is this: "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)). To put it another way, "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). On the other hand, "a federal prisoner may

---

[1] I note that Cheney had attached to his *Pro Se* Request To Entertain Rule 60(b)(6) Motion (Civ. docket no. 25), as Exhibit 1, a March 7, 2012, Response to a Central Office Administrative Remedy by the Administrator of National Inmate Appeals stating, "On June 22, 2011, your federal sentence was amended and the term of imprisonment was ordered to run concurrently with the sentence imposed in Webster County, Iowa, Case No. FECR326353," and indicating that the computation of Cheney's sentence had been updated to reflect this change, resulting in a projected release date of August 11, 2023. While the Administrator's Response casts considerable doubt on Cheney's claim that his sentence has not been corrected to reflect the terms of my Amended Judgment concerning his sentence, the merits of his claim are not now properly before me.

> challenge the manner of execution of his sentence by bringing his petition under § 2241 rather than § 2255." *Singleton v. Norris*, 319 F.3d 1018, 1022 (8th Cir. 2003) (citing *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001), as considering cases so holding).
>
> In *Matheny*, the Eighth Circuit Court of Appeals identified claims correctly framed as § 2241 claims as including the petitioners' challenges to the payment schedule for financial obligations pursuant to their sentences under the Inmate Financial Responsibility Program of the BOP. *Matheny*, 307 F.3d at 711. Similarly, in *Crouch*, *the Eighth Circuit Court of Appeals identified claims properly cognizable under § 2241 as claims that implicate the fact or duration of confinement, but do not stem from the original conviction or sentence*. *Crouch*, 251 F.3d at 722–23.

*Johnson v. United States*, 860 F. Supp. 2d 663, 910-11 (N.D. Iowa 2012) (footnote omitted; emphasis added).

The claim asserted in Cheney's present Motion is a claim that implicates the *duration* of confinement, and specifically, it is a claim that the BOP has not properly calculated the duration of his confinement, as required by my direction that his federal sentence run concurrently with his previously imposed state sentence. Thus, it is properly cognizable as a claim pursuant to § 2241, but not one seeking § 2255 relief. *See id.*; *see also Harris v. Bureau of Prisons (BOP) Federal*, 787 F. Supp. 2d 350, 355-56 (W.D. Penn. 2011) (considering a claim by a federal prisoner that the BOP abused its discretion in calculating his sentences pursuant to § 2241). Because I have construed the present Motion as a § 2241 petition, I will direct the Clerk of Court to refile the present Motion as a petition pursuant to 28 U.S.C. § 2241, under a separate case number.

Just as importantly, when the present Motion is construed as a § 2241 petition, it is clear that it has been brought in the wrong district. Although Cheney was sentenced in this district, his challenge to the duration of his sentence, as calculated by the BOP, must

be brought *in the district where he is incarcerated*. *Id.* at 910. Cheney's Motion indicates that he is incarcerated at USMCFP Springfield in Springfield, Missouri. Springfield, Missouri, in turn, is in the Western District of Missouri, Southern Division. A federal court has the authority to transfer "a case laying venue in the wrong division or district . . . to any district or division in which it could have been brought," if doing so would "be in the interest of justice." *See* 28 U.S.C. § 1406(a). I find that it would "be in the interest of justice" to transfer this case to the appropriate district and division to hear Cheney's § 2241 claim.

THEREFORE,

1. Petitioner Jeff Cheney's October 15, 2012, "Motion: Direct Appeal For Correction Of Sentence" (Civ. docket no. 33) is construed as a challenge to the execution (computation of duration) of his sentence, cognizable in an action pursuant to 28 U.S.C. § 2241, but not cognizable in the present action pursuant to 28 U.S.C. § 2255.

2. The Clerk of Court is directed to refile the present Motion as a petition pursuant to 28 U.S.C. § 2241, under a separate case number.

3. Venue for such a § 2241 petition is not proper in this district, so, in the interest of justice, once filed as a separate § 2241 action, Cheney's § 2241 action shall be transferred to the United States District Court for the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

**DATED** this 9th day of November, 2012.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA